**In re FANTASTIC HOMES ENTERPRISES, INC., Debtor.**

**No. 83–902–Civ.–Orl–11.**

United States District Court, M.D. Florida, Orlando Division.

Dec. 14, 1984.

Jerry L. Jester, of Raymond, Wilson, Conway, Barr, Burrows & Jester, Merritt Island, Fla., for appellants, J.D. Busenlehner and Kay Busenlehner.

Richard W. Hennings, of Cauthen, Robuck & Hennings, Tavares, Fla., for appellee, Fantastic Homes Enterprises, Inc.

## MEMORANDUM OF DECISION

JOHN A. REED, Jr., District Judge.

The first point on appeal raises the issue whether or not unsecured claims in classes 18 through 21 were properly segregated into separate classes for purposes of the reorganization plan. If they were not, the plan does not comply with § 1129(a)(1) of Title 11 and should not have been confirmed under § 1129(b). The claims in each of these four classes are unsecured by liens on the debtor's estate and are otherwise unsecured.

Section 1122(a) of Title 11 requires that classes of claims consist only of claims of a substantially similar nature. Subsection (b) provides an exception to that general rule for unsecured claims which are "less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience." When these two sections are read together, the reasonable inference is that Congress intended, except as stated in subsection (b), that all unsecured claims of a similar nature be placed in the same class.

The predecessor to § 1122 was § 597 of Title 11. It was construed in like manner. In *Los Angeles Land and Investments, Ltd.*, 282 F.Supp. 448 (D. Hawaii 1968), *aff'd* 447 F.2d 1366 (9th Cir.1971), the court considered the issue of the classification of unsecured claims in a reorganization plan. The court noted the following principles as relevant to the classification problem:

> The test to be applied appears to be one directed toward a determination of the "nature" of the claim. This would encompass an analysis of the legal character or the quality of the claim as it relates to the assets of the debtor. Basically, it is simply a method of recognizing the rights of creditors which call for difference in treatment. Generally, however, "All creditors of equal rank with claims against the same property should be placed in the same class."

> The courts recognize that the word "nature" is used in no technical sense in law but is used in its ordinary common vernacular, wherein it means kind, sort, species or character. Where the differences are in the rates of interest, in the amounts, in the dates of maturity, in names of payees, the manner in which the claim arose and such other minor details, they cannot affect the "nature", i.e., the kind of claim, otherwise a separate class would have to be provided for nearly every type of situation which would be an unthinkable calamity when the object and aim of the statute is regarded.

> Unsecured creditors may, under special circumstances, be divided into separate classes where the legal character of their claims is such as to accord them a status different from the other unsecured creditors. (Citations omitted)

*In Re Los Angeles Land and Investments, Ltd.*, 282 F.Supp. at 453–454.

Because § 1122 of Title 11 was a codification of what Congress thought to be current practices, case law on § 597 is pertinent to a construction of § 1122. This court concludes that under § 1122, Congress intended all unsecured claims of a similar nature to be grouped within one class, unless a separate classification is established under § 1122(b). See also the discussion in *In Re S & W Enterprise*, 37 B.R. 153 (Bankruptcy Court, N.D.Ill.1984). The claims in classes 18 through 21 appear from the record to be of a substantially similar nature. No testimony was offered at either hearing before the bankruptcy court to justify the segregation, except for the following by Mr. Coleman:

Q  You mentioned earlier the reason why you divided the unsecured creditors up in four different categories. Can you tell me why?

A  Why did I do it?

Q  Yes.

A  Well, it doesn't make sense if you owe somebody four or 500, or 1,000 or $1,500 that these people should wait.

It's better for the larger creditors to see these people get their money and get paid off and come out, and there would be less people owed under the Chapter 11 Plan for them. It narrows the field down quite considerably.

Q Why did you make the next two divisions?

A I made them all the same way. In classes in order to get them paid. Did I do something wrong, Mr. Jester?

Q Let me ask you this. What's the difference between somebody that has a $4,900 claim and somebody that has a $5,100 claim? Do they get treated differently under your plan?

A No; they do not. There is 3,000 to 6,000 and 6,000 to 100,000.

Q There is a $5,900 claim and $6,100 claim. Why do they get treated differently?

A I can't really answer that except to say that I don't know of anyone that has a $5,900 claim.

Transcript of 6–6–83 hearing, p. 41 1.22—p. 42 1.21.

Assuming the testimony of Mr. Coleman is sufficient to support an administrative class of unsecured claims up to $3,000.00, it provides no support for the dissimilar treatment of the other unsecured claims in classes 19 through 21. The importance of a sound evidentiary basis for classifications which discriminate against claims of an apparently similar nature is illustrated by the record in this case. The claim of the appellants is only slightly in excess of $100,-000.00. It nevertheless falls into class 21 which encompasses claims in excess of $100,000.00. Because of the impairment of the claims in class 21 by fifty percent, it is possible that the appellants' claim will be satisfied under the plan for less than a $75,000.00 claim of a similar nature in class 20. Although competent substantial evidence might have shown the contrary, on its face such a result is unfair and unwarranted under the provisions of § 1122 of Title 11.

The other points raised on appeal have been considered by the court and are found to be without substantial merit. Because the plan was confirmed without a substantial evidentiary basis justifying the segregation of apparently similar unsecured claims in classes 18 through 21, the court concludes that there was an inadequate showing before the Bankruptcy Court of compliance with the provisions of § 1129(a)(1). The order confirming the plan is, therefore, reversed and the cause remanded.